UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| United States of America, ) | |
| ) | Cr. No.: 6:08-cr-00204-GRA-1 |
| Plaintiff, ) | |
| v. ) | |
| ) | **ORDER** |
| Dale Antonio McCullough, ) | (Written Opinion) |
| ) | |
| Defendant. ) | |
| _____ ) | |

This matter is before the Court on Defendant Dale Antonio McCullough's ("Defendant") motion pursuant to Rule 36 of the Federal Rules of Criminal Procedure filed on July 25, 2013.[1] Defendant asks this Court to correct its previously imposed sentence to allow him to receive credit for the time he served on a state sentence in the State of South Carolina before his federal sentence took effect. For the reasons stated below, Defendant's motion is DENIED.

## Background

On July 1, 2008, Defendant pled guilty to Count One for being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2), and 924(e); Count Two for possession with intent to distribute crack cocaine in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C); Count Three for being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2), and 924(e); and Count Four for possession with intent to distribute crack cocaine in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C). *See* ECF No. 34. Defendant was sentenced by this Court on December 30, 2008 to 151 months of imprisonment. ECF No. 43. This

Page 1 of 6

term consisted of 120 months on Counts One and Three and 151 months on Counts 2 and 4, with all terms to run concurrently. *Id.* The Court also ordered that the federal sentence commence that day and that the state prison be designated as the location for the federal sentence. *Id.*

Subsequently, Defendant's sentence was reduced on September 3, 2009 to a term of 92 months on Counts One through Four. ECF No. 64. The Court also stated that the Defendant should receive credit for the time he had already served on his sentence and that the sentence was to be concurrent with the state sentence. *Id.*

## Standard of Review

Defendant brings this claim *pro se.* This Court is required to construe *pro se* pleadings liberally. Such pleadings are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). This Court is charged with liberally construing a pleading filed by a *pro se* litigant to allow for the development of a potentially meritorious claim. *Boag v. MacDougall*, 454 U.S. 364, 365 (1982).

## Discussion

Defendant brings this motion pursuant to Rule 36 of the Federal Rules of Criminal Procedure, seeking to have the Court reduce his sentence by giving him credit for the time he spent in state custody before his federal sentence was imposed. Rule 36 states that "[a]fter giving any notice it considers appropriate, the court may at any time correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission." Fed. R. Crim P. 36.

---

[1] Prisoner petitions are deemed filed at the time that they are delivered to prison authorities for mailing to the court clerk. *Houston v. Lack*, 487 U.S. 266, 276 (1988).

"Courts employ Rule 36 to correct errors that are clerical, rather than legal, in nature." *United States v. Postell*, 412 F. App'x 568, 569 (4th Cir. 2011) (citations omitted). Thus, Rule 36 is typically used to correct recording or scrivener's errors in the transcription of a judgment. *United States v. Powell*, 266 F. App'x 263, 266 (4th Cir. 2008); *see United States v. Werber*, 51 F.3d 342, 343 (2d Cir. 1995) (holding that "Rule 36 authorizes a court to correct only clerical errors in the transcription of judgments, not to effectuate its unexpressed intentions at the time of sentencing"). Courts, however, do "not possess the authority to modify a sentence under Rule 36." *United States v. Summerville*, 236 F. App'x 871, 873 (4th Cir. 2007). The Fourth Circuit has held that when a "district court unequivocally states a sentence and imposes it, and the sentence is not the product of error, the district court has no authority to alter that sentence." *United States v. Fraley*, 988 F.2d 4, 6 (4th Cir. 1993).

In this case, on September 3, 2009, the Court amended Defendant's sentence of 151 months imprisonment that was imposed on December 30, 2008 to 92 months of imprisonment. The Court gave Defendant credit for the time he had already served on his federal sentence and also directed that the sentence continue to run concurrent with the state sentence. The 92-month sentence on Count One through Four and the other conditions stated by the Court are all accurately reflected in the Amended Judgment filed on September 8, 2009. As such, because no clerical error exists, the Court is without authority to alter Defendant's sentence under Rule 36.

Moreover, even if the Court had the authority to reduce Defendant's sentence and give him credit for the time he served on his state sentence, Defendant would not

be entitled to such a reduction. Defendant claims that the Court utilized U.S.S.G. § 5G1.3(b) when sentencing him. That sections states:

> (b) If subsection (a) does not apply, and a term of imprisonment resulted from another offense that is relevant conduct to the instant offense of conviction under the provisions of subsections (a)(1), (a)(2), or (a)(3) of § 1B1.3 (Relevant Conduct) and that was the basis for an increase in the offense level for the instant offense under Chapter Two (Offense Conduct) or Chapter Three (Adjustments), the sentence for the instant offense shall be imposed as follows:
>
>> (1) the court shall adjust the sentence for any period of imprisonment already served on the undischarged term of imprisonment if the court determines that such period of imprisonment will not be credited to the federal sentence by the Bureau of Prisons; and
>>
>> (2) the sentence for the instant offense shall be imposed to run concurrently to the remainder of the undischarged term of imprisonment.

U.S.S.G. § 5G 1.3(b). Defendant is correct in his assertion that when a court sentences a defendant under § 5G1.3(b), the Guidelines suggest that the federal sentence be reduced by the amount of time a defendant has spent in custody on a related state charge as of the date of sentencing for the federal offense. However, in Defendant's case, the state sentence that he was serving at the time of his federal sentencing hearing was not "relevant conduct to the instant offense." The record reflects that at the time of sentencing, Defendant was serving a state sentence for a violation of probation related to a charge of criminal sexual conduct. Tr. 7, ECF No. 52. Defendant's own attorney stated, "I would point out that Mr. McCullough is currently serving a South Carolina Department of Corrections sentence not related to what we're here for today." *Id.* As such, Defendant's state sentence would not meet the requirements of § 5G1.3(b).

Instead, Defendant's state sentence fell within the provisions of U.S.S.G. § 5G1.3(c) which states:

> (c) (Policy Statement) In any other case involving an undischarged term of imprisonment, the sentence for the instant offense may be imposed to run concurrently, partially concurrently, or consecutively to the prior undischarged term of imprisonment.

U.S.S.G. § 5G1.3(c). At Defendant's initial sentencing hearing, Defendant's attorney simply asked "that the Court direct that [Defendant's federal sentence] begin today and be concurrent to the South Carolina sentence." Tr. 7, ECF No. 52. The Court granted this request and stated that Defendant's federal sentence would "run concurrent with any state sentence" that Defendant was then serving. Tr. 15, ECF No. 52. Nowhere in the transcript did Defendant, his attorney, or the Court mention that Defendant should get credit for the time he has already served in state prison. Moreover, it is obvious that when Defendant was resentenced to a term of 92 months, the Court's mention of "credit for time served" was only in reference to the time he had already served on his federal sentence. ECF No. 64. Thus, it is abundantly clear that from the first imposition of Defendant's sentence, the Court only intended to allow Defendant's federal sentence to run concurrent with his unrelated state sentence from the date of sentencing. The Court has never intended and the Guidelines do not advise that Defendant be credited with the additional amount of time he spent in state custody before his federal sentence.

**IT IS THEREFORE ORDERED** that Defendant's motion is DENIED

**IT IS SO ORDERED.**

G. Ross Anderson, Jr.
Senior United States District Judge

August  8 , 2013
Anderson, South Carolina

## NOTICE OF RIGHT TO APPEAL DECISION

Pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure, Defendant has the right to appeal this Order within **fourteen (14)** days from the date of its entry. Failure to meet this deadline, as modified by Rule 4 of the Federal Rules of Appellate Procedure, **will waive the right to appeal.**